Daniel, J.
 

 We think that the decision of the Court, upon the competency of Phelps as a witness for the State, was right. We admit that the case of forgery stands by itself, and is considered as an anomaly in the law of evidence; In that case the party; who has- an interest in setting aside the instrument, is not admitted to prove it forged, if he would either be liable to be sued on it, supposing it genuine, or be thereby deprived of a legal claim against another, 2 Stark. 338. Phillips, 88. But if the witness would not' incur any loss nor be liable to a suit, his evidence ought to be received, as when he had paid off the forged instrument. 2 Stark. 339. Phil. Ev. 90. Here the payment of the instrument was proved not' only by the person offered, but also- by another witness.
 

 Secondly,
 
 it is contended, that on this record the court had no power to'render any other than a common law judgment. We have examined the record, and it is in substance eorrect in all its parts. The indictment in every count concludes against the statute. The verdict is, “ that the defendant is guilty in manner and form as charged in the indictment.” The statute- (Rev. Stat. 34 ch. s. 21,) declares a
 
 *480
 
 mong other things, that for the forging of any acquittance or
 
 receipt
 
 for
 
 money
 
 or goods, with intent to defraud
 
 any person
 
 or corporation, the person convicted shall be adjudg-This record, we think, brings the defendant within the provisions of the statute, and we also think that a statute judgment was the proper one to have been rendered by the court against him. We see no error in the record, and this opinion will be certified, &c.
 

 Per Curiam. Ordered accordingly.